UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.:

| | |
|---|---|
| LUIS GIL, | ) |
| Plaintiff | ) |
| v. | ) |
| VORTEX, LLC, | ) |
| Defendants | ) |

**COMPLAINT AND JURY CLAIM**

NOW COMES Louis Gil, Plaintiff in the above-entitled action, and hereby states as follows:

**STATEMENT OF SUBJECT MATTER JURISDICTION**

1. This is a civil rights action based on unlawful disability discrimination by an employer against its employee, for the employer's failure to provide a mandatory, job protected medical leave, and for wrongful termination in retaliation for filing a worker's compensation claim.

2. The unlawful disability discrimination violated the Americans with Disabilities Act, 42 U.S.C. 12101, et seq. and M.G.L. Chapter 151B, Section 1, et seq.

3. The employer's failure to provide a mandatory job protected medical leave violated the Family and Medical Leave Act, 29 U.S.C. 2601, et seq.

4. The unlawful practices were committed in the Federal District of Massachusetts.

5. This Court has jurisdiction of this matter pursuant to the provisions of 42 U.S.C. 12117 and 42 U.S.C. 2000e-5(f)(3).

6. This Court has jurisdiction over this matter pursuant to the provisions of 28 U.S.C. 1331.

7. Plaintiff has asserted claims and requests for relief pursuant to Massachusetts law that arise from the same facts and circumstances as Plaintiff's claims and requests for relief pursuant to Federal law.

8. The Court has Supplemental Jurisdiction of Plaintiff's state law claims pursuant to 28 U.S.C. 1367.

## PARTIES

9. The Plaintiff in this action is Louis Gil (hereinafter referred to as "Plaintiff" or "Mr. Gil"), a United States citizen now or formerly residing 713 Dudley St., Dorchester, Massachusetts.

10. The defendant in this action, Vortex, LLC, (hereinafter "Vortex"), is a limited liability company organized under the laws of the Commonwealth of Massachusetts, and is an employer as defined by 42 U.S.C. 2000e and Massachusetts General Laws Chapter 151B, Section 1, now or formerly having a usual place of business and a principal office at 4 Dearborn Road, Peabody, Massachusetts.

11. Vortex owns and operates a sheet metal fabricating factory in Peabody, Massachusetts.

12. At all times relevant to this Complaint, the plaintiff was employed by Vortex.

## FACTS COMMON TO ALL COUNTS

13. Plaintiff, a qualified disabled or handicapped person, is a member of the protected classes of the Americans with Disabilities Act, 42 U.S.C. 12101, et seq. and Massachusetts General Laws Chapter 151B Section 1, et seq.

14. At times relevant to this Complaint, Mr. Gil suffered from blindness in one eye, a disability as defined in 42 U.S.C. 12101, et seq. and M.G.L. Chapter 151B, Section 1, et seq., which impaired one or more major life activities.

15. Mr. Gil's disability (blindness in his left eye) substantially limits one or more major life activities.

16. Mr. Gil was employed by Vortex between 1992 and January 2, 2009.

17. Mr. Gil worked as a punch press operator until October, 2008 and then in the shipping department until January 2, 2009.

18. Vortex terminated Mr. Gil's employment on January 2, 2009.

19. Mr. Gil's position with Vortex was an hourly paid position.

20. At all times during Mr. Gil's employment, he was qualified for the positions that he held.

21. Mr. Gil's work performance at Vortex met or exceeded his employer's expectations and was of good and high quality.

22. During Mr. Gil's employment at Vortex, he was a qualified disabled or handicapped person who could perform all the essential functions of his position, with or without a reasonable accommodation.

23. In March, 2007, while performing his job, Mr. Gil sustained a work related laceration injury; Vortex did not report this injury to their workers compensation insurance company as required by Massachusetts law.

24. Sometime later in 2007, Vortex began questioning Mr. Gil's ability to perform his job with blindness in one eye.

25. Vortex improperly requested that Mr. Gil obtain a doctor's note stating that he

could perform his job despite being blind in one eye.

26. After Vortex requested a doctor's note stating that that Mr. Gil could do the job despite being blind in one eye, Vortex then told Mr. Gil not to obtain such a note; rather, Vortex indicated that it would have its own physician examine Mr. Gil; such an examination never occurred.

27. Despite that Vortex told Mr. Gil that he no longer needed to obtain a doctor's note to state he was fit to work, Mr. Gil nevertheless did obtain such a note.

28. In the summer of 2008, Mr. Gil sustained a lifting hernia injury while at work; once again, Vortex did not report the injury to their workers compensation insurance company as required under the workers compensation laws.

29. In the fall of 2008, Mr. Gil's hernia symptoms from the work injury in the summer, worsened, and Mr. Gil sought medical treatment for them.

30. In October, 2008, Mr. Gil reported to his medical providers that the lifting injury was work related.

31. Mr. Gil's medical providers billed Vortex's workers compensation insurance company for Mr. Gil's medical bills resulting from the summer, 2008 hernia lifting injury.

32. After Mr. Gil reported to his medical providers in October 2008 that the injury was work related and the medical providers billed Vortex's workers compensation insurance company, Vortex informed Mr. Gil that he was terminated.

33. Vortex's stated reason or Mr. Gil's termination in October, 2008 was that Mr. Gil failed to provide a doctor's note stating that that he could perform his job despite being blind in one eye.

34. When Mr. Gil reminded Vortex that he had in fact provided a physician's note, Vortex then told Mr. Gil that it was not satisfied with the note Mr. Gil had provided.

35. Mr. Gil then obtained a second doctor's note stating that he could perform the functions of his job as a punch press operator despite being blind in one eye.

36. Upon being presented with the second physician's note from Mr. Gil, Vortex then rescinded the termination, but transferred Mr. Gil from his Punch Press Operator position to a position in the shipping department.

37. In November, 2008, Mr. Gil requested a medical leave because he required and had surgery to correct the lifting/hernia injury he sustained at work in the summer of 2008.

38. Mr. Gil was due to return to work after his surgery on December 26, 2008, but did not return to the job site until January 2, 2009, because Vortex was closed for the holiday week.

39. When Mr. Gil returned to work on January 2, 2009, Vortex then told Mr. Gil that there was no work for him, and to return in one week.

40. When Mr. Gil returned in one week, Vortex again told him there was no work.

41. Mr. Gil returned with his daughter and spoke with his supervisor, who made it clear that Vortex was terminating Mr. Gil's employment, purportedly because it had no work for him.

42. Mr. Gil's supervisor indicated that Mr. Gil should file a claim for unemployment insurance benefits until there was enough work for me.

43. Vortex's stated reason for Mr. Gil's termination, that there was insufficient work for him, was not true and is a pretext for discrimination.

44. In fact, while Vortex terminated Mr. Gil for insufficient work, it hired new employees.

45. When Mr. Gil's daughter contacted Mr. Gil's supervisor in early 2009, Mr. Gil's supervisor told Mr. Gil's daughter that the company was concerned that Mr. Gil might injure himself again and that there was 'no light duty' for him.

46. Despite Mr. Gil's impairments and disabilities, he was at all times during his employment with Vortex, able to perform the essential functions of his job with or without a reasonable accommodation.

25. At all times relevant to this complaint, Mr. Gil had a "handicap" or "disability" as defined by M.G.L. Chapter 151B, § 1(17), the Americans with Disabilities Act (42 U.S.C. § § 12101, et seq.) (the "ADA") and M.G.L. Chapter 152, § 75B, which substantially limited one or more major life activities, as defined by M.G.L. Chapter 151B, section 1(20) and the ADA, including his ability to see, or had a record of such an impairment, and/or the defendant regarded the plaintiff as having such an impairment.

47. At all times relevant to this complaint, Mr. Gil was a "qualified handicapped person" within the meaning of M.G.L. Chapter 151B, section 1(16) and M.G.L. Chapter 152, § 75B.

48. Vortex had an obligation to provide Mr. Gil with a reasonable accommodation to assist him in performing the essential functions of his positions.

49. At all times herein relevant, Vortex had the duty to provide their employees, including Mr. Gil, with an equitable, non-discriminatory work environment.

50. Vortex failed to take adequate steps to prevent and/or remedy disability discrimination against Mr. Gil, in breach of its duty.

51. Vortex is unable to articulate a legitimate, non-pretextual, non-discriminatory reason for its adverse actions against Mr. Gil.

52. On or about May 8, 2009, Mr. Gil filed a Complaint with the Massachusetts Commission Against Discrimination, which was duly cross-filed with the Equal Employment Opportunities Commission.

53. In the Complaint filed with the Massachusetts Commission Against Discrimination and cross-filed with the Equal Employment Opportunities Commission, Mr. Gil alleged that Vortex terminated his employment and otherwise subjected him to discrimination on the basis of his disability.

54. Pursuant to its work-sharing agreement with the Equal Employment Opportunities Commission, the Massachusetts Commission Against Discrimination investigated Mr. Gil's Complaint of disability discrimination against Vortex and provided Vortex an opportunity to conciliate the matter.

55. The Equal Employment Opportunities Commission issued the Plaintiff a Notice of Right to Sue authorizing him to file the instant civil action.

56. At all times relevant to this Complaint, Vortex had more than 50 employees within a 75 mile radius of the plaintiff's work site.

57. By failing to protect Mr. Gil's punch press operator position during a required 6-week medical leave to have his work-related hernia injury surgically repaired, Vortex failed to provide a job protected medical leave to attend to his serious health condition.

### COUNT I – DISABILITY DISCRIMINATION IN VIOLATION OF 42 U.S.C. 12101, et seq.

### Louis Gil v. Vortex

58. Plaintiff restates, realleges and incorporates by reference herein allegations one

7

through fifty-seven of this Complaint.

59. Vortex's conduct, as alleged in allegations one through fifty-seven of this Complaint, constitutes unlawful disability discrimination, in violation of the Americans with Disabilities Act, 42 U.S.C. 12101, et seq.

60. As a direct and proximate result of Vortex's unlawful disability discrimination, in violation of the Americans with Disabilities Act, 42 U.S.C. 12101, et seq., Plaintiff, Louis Gil, has incurred and continues to incur substantial loss of wages, earning capacity and fringe benefits, has suffered emotional distress and anguish of mind, and has suffered, and will continue to suffer, other damages as he will show at trial.

61. Mr. Gil complied with the requirement(s) of 42 U.S.C. 12101, et seq. and 42 U.S.C. 2000e-5(e)(1) when he properly and in a timely manner filed a complaint with the Massachusetts Commission Against Discrimination, said Complaint which was cross-filed with the Equal Employment Opportunities Commission, said complaint alleging that the defendant terminated his employment because and on account of his disability and otherwise subjected him to unlawful disability discrimination.

62. Mr. Gil has duly, properly and in a timely manner notified the Equal Employment Opportunities Commission of his intention to file this Complaint and to seek relief in this Court.

63. The Equal Employment Opportunities Commission has issued Mr. Gil a Notice of his Right To Sue that authorizes Plaintiff to bring this private civil action against these Defendants.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment against the defendant Vortex and:

a. Declare that Vortex's conduct violated the Americans with Disabilities Act, 42 U.S.C. 12101, et seq.;

b. Issue a mandatory injunction compelling Vortex to provide training to its employees, officers and agents, designed to eliminate, prevent and reduce disability discrimination;

c. Award Plaintiff compensatory damages;

d. Award Plaintiff multiple damages;

e. Award Plaintiff punitive damages;

f. Award Plaintiff reasonable attorneys' fees, statutory interest, and the costs of this action; and

g. Issue such other relief as the Court deems just and proper.

## COUNT II – DISABILITY DISCRIMINATION IN VIOLATION OF M.G.L. CHAPTER 151B, SECTION 4

### Louis Gil v. Vortex

64. Plaintiff restates, realleges and incorporates by reference herein allegations one through sixty-three of this Complaint.

65. Vortex's conduct, as alleged in allegations one through sixty-three of Mr. Gil's Complaint, constitutes unlawful disability discrimination, in violation of Massachusetts General Laws Chapter 151B, Section 4.

66. As a direct and proximate result of Vortex's unlawful disability discrimination, in violation of M.G.L. Chapter 151B, Section 4, Plaintiff, Louis Gil, has incurred and continues to incur substantial loss of wages, earning capacity and fringe benefits, has suffered emotional distress and anguish of mind, and has suffered, and will continue to suffer, other damages as he will show at trial.

67.     Plaintiff complied with the requirement(s) of Massachusetts General Laws Chapter 151B, Section 5 when he properly and in a timely manner filed a complaint with the Massachusetts Commission Against Discrimination, said complaint alleging that Vortex terminated his employment because and on account of his disability and otherwise subjected him to disability discrimination in the context of his employment.

68.     More than ninety days have passed since Plaintiff filed a Complaint of disability discrimination with the Massachusetts Commission Against Discrimination.

69.     Massachusetts General Laws Chapter 151B, Section 9 authorizes Plaintiff to bring this private civil action against the defendants.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment against the defendant Vortex and:

a.     Declare that the defendants conduct violated Massachusetts General Laws Chapter 151B, Section 4, as amended;

b.     Issue a mandatory injunction compelling the defendant to provide training to their agents, employees and officers designed to eliminate, prevent and reduce disability discrimination;

c.     Award Plaintiff compensatory damages;

d.     Award Plaintiff multiple damages;

e.     Award Plaintiff punitive damages;

f.     Award Plaintiff reasonable attorneys' fees, statutory interest, and the costs of this action; and

g.     Issue such other relief as the Court deems just and proper.

## COUNT III – VIOLATION OF FAMILY AND MEDICAL LEAVE ACT

### Louis Gil v. Vortex

70. Plaintiff restates, realleges and incorporates by reference herein allegations one through sixty-nine of this Complaint.

71. Vortex is an employer as defined by 29 U.S.C. 2601, et seq..

72. At all times relevant to this Complaint, the plaintiff had a serious health condition as defined by 29 U.S.C. 2601, et seq., and/or the regulations promulgated thereunder.

73. Vortex terminated and/or transferred the plaintiff without providing him with a protected medical leave to attend to his serious health condition and in retaliation for asserting his rights to such a leave.

74. Vortex's conduct, as alleged in allegations one through sixty nine of this Complaint and in this count, constitutes a material violation of the Family and Medical Leave Act, 29 U.S.C. 2601, et seq.

75. As a direct and proximate result of Vortex's material violation of the Family and Medical Leave Act, 29 U.S.C. 2601, et seq., Plaintiff, Louis Gil, has incurred and continues to incur substantial loss of wages, earning capacity and fringe benefits, has suffered emotional distress and anguish of mind, and has suffered, and will continue to suffer, other damages as he will show at trial.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment against the defendant and:

a. Declare that Vortex violated the Family and Medical Leave Act, 29 U.S.C. 2601, et seq.;

b. Award Plaintiff compensatory damages;

c.  Award Plaintiff punitive damages;

d.  Award Plaintiff reasonable attorneys' fees, statutory interest, and the costs of this action; and

e.  Issue such other relief as the Court deems just and proper.

## COUNT IV – VIOLATION OF MGL CHAPTER 152, SECTION 75B

### Louis Gil v. Vortex, LLC

76. Plaintiff restates, realleges and incorporates by reference herein allegations one through seventy-five of this Complaint.

77. Vortex took adverse action and/or terminated and/or transferred Mr. Gil in retaliation for filing a worker's compensation claim for a work injury.

78. Vortex's actions as described in allegations one through seventy-seven of this Complaint, violated M.G.L. Chapter 152, Section 75B.

WHEREFORE, Plaintiff requests that this Honorable Court enter judgment against the defendant and:

a.  Declare that Vortex violated M.G.L. Chapter 152, Section 75B;

b.  Award Plaintiff compensatory damages;

c.  Award Plaintiff punitive damages;

d.  Award Plaintiff reasonable attorneys' fees, statutory interest, and the costs of this action; and

e.  Issue such other relief as the Court deems just and proper.

12

**PLAINTIFF DEMANDS TRIAL BY JURY ON ALL ISSUES SO TRIABLE**

Respectfully submitted,
For the plaintiff Louis Gil,

/s/ Sol J. Cohen
_____
Sol J. Cohen
BBO # 630776
COHEN & SALES
221 Crescent Street, Suite 206
Waltham, MA 02453
(617) 621-1151