UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

CIVIL ACTION NO.: 09-CV-11993-RGS

_____
                                    )
LUIS GIL,                           )
                                    )
        Plaintiff                   )
                                    )
v.                                  )
                                    )
VORTEX, LLC,                        )
                                    )
        Defendants                  )
_____ )

**PLAINTIFF LUIS GIL'S MEMORANDUM IN SUPPORT OF HIS OPPOSITION TO DEFENDANT'S MOTION TO DISMISS COMPLAINT IN ITS ENTIRETY FOR FAILURE TO STATE A CLAIM**

NOW COMES Louis Gil, Plaintiff in the above-entitled action, and hereby opposes the defendant's motion to dismiss under Rule 12(b)(6). As grounds therefore, the plaintiff states as follows:

**I.   INTRODUCTION**

This is a wrongful termination employment discrimination case. Plaintiff Luis Gil brings the action against his former employer, Vortex, LLC ("Vortex"). Mr. Gil contends that Vortex removed him from his 16 year position as a punch press operator and then terminated his employment in Vortex's shipping department because of his disabilities and in retaliation for his filing of claims for workers compensation benefits.

Mr. Gil brings this wrongful termination action under 42 U.S.C. 12101, et seq., the Americans with Disabilities Act (the "ADA"), M.G.L. Chapter 151B, M.G.L. Chapter 152 § 75B, and the Family Medical Leave Act, 29 U.S.C. 2601, et seq.

1

II.     **PROCEDURAL POSTURE**

Mr. Gil filed a discrimination charge with the Massachusetts Commission Against Discrimination ("MCAD"), and with the Equal Employment Opportunity Commission. (MCAD charge, Exhibit 1 hereto).  Mr. Gil then removed his MCAD matter in favor of this action.  The plaintiff filed the Complaint in this action on November 20, 2009.  The defendant did not file an Answer; rather it responded by filing a Motion to Dismiss under Rule 12(b)(6).  There has been no automatic disclosure or discovery in this matter.

III.    **RELEVANT ALLEGATIONS/FACTS**

Mr. Gil contends the following in his Complaint: Vortex owns and operates a sheet metal fabricating factory in Peabody, Massachusetts. Mr. Gil was an employee of Vortex's from 1992 until his termination on January 2, 2009.  (Complaint, pp. 17-18). Years before his employment at Vortex, Mr. Gil was injured in an accident in which he lost one eye.  He is completely blind in one eye. (Complaint, pp. 14-15).

From 1992 to October, 2008, Mr. Gil was a machine operator.  Vortex then transferred him to their shipping department in October, 2008.  (Complaint, pp. 17-18). Mr. Gil's work performance at Vortex met or exceeded Vortex's expectations. (Complaint, p. 21).

Vortex has demonstrated bias against work injuries and workers' compensation claims.  In March, 2007, Mr. Gil sustained a work related laceration injury while in the course of his employment.  Vortex did not report this injury to their workers' compensation insurance company as required by M.G.L. Chapter 152. (Complaint, p. 23). Instead, after fifteen years of Mr. Gil's employment as a machine operator during which he was blind in one eye, Vortex's management began to question whether Mr. Gil could

do the job in light of his disability. In this vain, Vortex asked Mr. Gil to obtain a doctor's note stating that he could do the job despite his partial blindness. Although Vortex then rescinded its request for a doctor's note, Mr. Gil did obtain and submit such a note. (Complaint, pp. 24-27).

In the summer of 2008, Mr. Gil sustained a lifting hernia injury while at work; once again, Vortex did not report the injury to their workers compensation insurance company as required by M.G.L. Chapter 152. (Complaint, p. 28). In the fall of 2008, Mr. Gil's hernia symptoms from the work injury that summer worsened, and Mr. Gil sought medical treatment. Mr. Gil reported to his medical providers that the lifting injury was work related. Mr. Gil's medical providers billed Vortex's workers' compensation insurance company for Mr. Gil's medical bills resulting from the summer, 2008 hernia lifting injury, thereby informing Vortex of a worker's compensation claim. (Complaint, pp. 29-31). Vortex responded by terminating Mr. Gil's employment. (Complaint, p. 32.)

Vortex told Mr. Gil that his October, 2008 termination was due to his failure to provide a doctor's note stating that that he could perform his job despite being blind in one eye. When Mr. Gil reminded Vortex that he had in fact provided a physician's note, Vortex then told Mr. Gil that it was not satisfied with the note Mr. Gil had provided. (Complaint pp. 33-34). Mr. Gil then obtained a second doctor's note stating that he could perform the functions of his job as a punch press operator despite being blind in one eye. (Complaint, p. 35).

Upon being presented with the second physician's note from Mr. Gil, Vortex then rescinded the termination, but removed Mr. Gil from his sixteen year Punch Press Operator position. Vortex transferred him to a position in the shipping department.

(Complaint, p. 36).

In November, 2008, Mr. Gil requested an accommodation for his work related hernia injury. Mr. Gil requested a medical leave to allow him to have surgery to correct the lifting/hernia injury he sustained at work in the summer of 2008. (Complaint, pp. 37-38). Vortex allowed Mr. Gil to have a leave of absence, yet terminated his employment when he was ready to return the first week of January, 2009. (Complaint, pp. 39-42).

Mr. Gil contends that Vortex, in failing to protect his job during his medical leave, a leave necessitated by the work related injury, failed to provide him with a reasonable accommodation. (Complaint, p. 48). He further contends that Vortex's reason for his termination, a lack of work, is a pretext for disability discrimination. (Complaint, p. 43). Mr. Gil states in his Complaint the grounds for these contentions. Mr. Gil contends that Vortex hired new employees during his medical leave. He further contends in his Complaint that Vortex's management stated expressly that they had let him go because they were concerned that he might injure himself again. (Complaint, p. 45).

### IV.    SUMMARY OF ARGUMENT

The Court should deny the defendant's Motion to Dismiss because 1) Mr. Gil's complaint is adequate under Fed. R. Civ. P. 8 to provide the defendant with fair notice of his claims and their grounds; and 2) the Complaint states viable claims under the ADA, M.G.L. Chapter 151B, the FMLA and M.G.L. Chapter 152 § 75B.

### V.    ARGUMENT

1. The sufficiency of the Complaint under Rule 8 and the *Twombly* decision.

The defendant contends that Mr. Gil's Complaint is not sufficient to state a claim or to place Vortex on notice of the nature of Mr. Gil's claims and the grounds on which

they rest.  The Court should deny the defendant's motion because Mr. Gil's Complaint, when read in the context of an employment discrimination action, is more than adequate under Rule 8 and the Supreme Court's *Twombly* decision.

Rule 12(b)(6) motions test the sufficiency of the pleadings under Rule 8. The Court should construe the Complaint liberally in the pleader's favor.  *Kaltenbach v. Richards,* 464 F. 3d. 524, 526-27 (5th Cir. 2006).  The Court should presume that all well-pleaded allegations are true, and resolve all doubts and inferences in the pleader's favor, and view the pleading in the light most favorable to the non-moving party.  *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 127 S. Ct. 2499, 2509, 168 L. Ed. 2d 179 (2007); *Bell Atlantic Corp. v. Twombly,* 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007).  Although Rule 8 encourages brevity, however, the complaint must say enough to give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Tellabs, Inc.,* 127 S. Ct. at 2507.

The defendant in this case correctly points out that the *Twombly* decision overruled *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957) and its more liberal pleading standard. However, the basic "notice pleading" standard remains the rule in the federal courts. *Johnson v. Riverside Healthcare System, LP,* 534 F. 3d. 1116, 1122 (9th. Cir 2008).  The pleading of tediously detailed factual allegations is still not required.  *Bell Atlantic Corp.*, 127 S. Ct. at 1964-65.

In this case, Mr. Gil has met the "notice pleading' standard under Rule 8 and the *Twombly* decision.  As recited, *supra*, Mr. Gil has "said enough" in his complaint to place Vortex on notice that he has brought a wrongful termination claim due to his removal from his punch press operator position in October, 2008 and his termination in January,

2009 because of his partial blindness and work injury disabilities.  It is disingenuous of the defendant to claim that they are not aware or on notice of what Mr. Gil's claims are about, in light of the facts and demands for relief stated in the Complaint, and the MCAD Charge to which the Complaint makes reference.[1]  *See* <u>Tellabs, Inc.,</u> 127 S. Ct. at 2507.

      The defendant relies heavily on the <u>Twombly</u> decision for its argument the Mr. Gil's Complaint does not state a claim.  The <u>Twombly</u> case was a complex antitrust action.  The manner in which the courts have applied <u>Twombly</u> depends in part on the context and type of claim involved.  <u>Phillips v. County of Allegheny,</u> 515 F. 3d. 224, 231 (3d. Cir. 2008) (holding that context matters in notice pleading.)  "For complaints involving complex litigation--for example, antitrust or RICO claims--a fuller set of factual allegations may be necessary to show that relief is plausible." *Id*. *See also* <u>Tamayo v. Blagojevich,</u> 526 F. 3d. 1074, 1083 (7th Cir. 2008), *citing* <u>Bell Atlantic Corp.,</u> 127 S. Ct. at 1965-66; *and* <u>Blue Chip Stamps v. Manor Drug Stores</u>, 421 U.S. 723, 741, 95 S. Ct. 1917, 44 L. Ed. 2d 539 (1975).

      Mr. Gil's claim is for employment discrimination.  The 7th Circuit applied the <u>Twombly</u> decision to an employment discrimination claim in <u>Tamayo v. Blagojevich,</u> 526 F. 3d. 1074, 1083-1085 (7th Cir. 2008).  To quote <u>Tamayo:</u>

> A plaintiff alleging employment discrimination under Title VII may allege these claims quite generally. A complaint need not "allege all, or *any*, of the facts logically entailed by the claim," and it certainly need not include evidence. <u>Bennett v. Schmidt, 153 F.3d 516, 518 (7th Cir. 1998)</u> (quoting <u>Am. Nurses' Ass'n v. Illinois</u>, 783 F.2d 716, 727 (7th Cir. 1986)); *see also* <u>Kolupa v. Roselle Park Dist.</u>, 438 F.3d 713, 714 (7th Cir. 2006) ("Federal complaints plead *claims* rather than facts."). Indeed, "[l]itigants are entitled to discovery before being put to their

---

[1] Interestingly, the defendant had no trouble preparing and filing a detailed Position Statement with the MCAD in response to Mr. Gil's charge of discrimination.  Mr. Gil's MCAD charge is substantially similar in content to his instant Complaint in this action.

6

> proof, and treating the allegations of the complaint as a statement of the party's *proof* leads to windy complaints and defeats the function of [Federal Rule of Civil Procedure] Rule 8." *Bennett*, 153 F.3d at 519.

*Tamayo*, 526 F. 3d. at 1081.  *Tamayo* involved claims of gender discrimination and retaliation in the employment context.  The Court held that the plaintiff's Complaint in that case was sufficient under Rule 8 and the *Twombly* decision to place the defendant on fair notice of the claims and the grounds for them because:

> she alleged that she is a female. She alleged facts regarding her promised and actual salary, as well as the salaries of other similarly situated male employees. She stated her belief that she was paid less than the similarly situated male employees both "because she was a woman and because she was 'not cooperating' with the Governor's Office and the IDOR in their attempts to control the IGB." She further alleged that she "has been subjected to adverse employment actions by Defendants on account of her gender," and she listed specific adverse employment actions. She stated that "Defendants have treated Plaintiff differently than similarly situated male employees and exhibited discriminatory treatment against Plaintiff in the terms and conditions of her employment on account of Plaintiff's gender." Finally, she stated that she filed two EEOC charges alleging sex discrimination and that she was issued a right-to-sue notice. These facts certainly provide the defendants with sufficient notice to begin to investigate and defend against her claim.

*Tamayo*, 526 F. 3d. at 1085.  Like the *Tamayo* case, this case involves Mr. Gil's claims of employment discrimination and retaliation.  Like the plaintiff in *Tamayo*, Mr. Gil has plead that he was a member of a protected class under state and federal discrimination statutes.  Mr. Gil has plead specific facts of disparate treatment on the basis of his protected class.  For example, he states that Vortex removed him from his sixteen year position as a machine operator because of Mr. Gil's disability and/or because Vortex regarded him as disabled. Mr. Gil has also plead that he sustained a work hernia

7

injury that necessitated an accommodation of a short job protected medical leave, and that Vortex did not provide him with the leave without terminating his employment during the leave. Mr. Gil has also plead that Vortex also fired him in retaliation for his filing a claim for workers compensation benefits in violation of M.G.L. Chapter 152, § 75B, and facts supporting that Vortex was biased against workers compensation benefits. Mr. Gil has also plead that Vortex terminated him out of a fear of his injuring himself due to his blindness, and has plead facts on which such a conclusion rests, e.g., Vortex's manager's express statement that Vortex terminated Mr. Gil out of fear that Mr. Gil's partial blindness would result in further work injuries. This Court should hold, like the Court in <u>Tamayo</u>, that it is difficult to see what more Mr. Gil could allege, without pleading evidence, to support his claim that he was discriminated against based on his disability and workers' compensation claim and need for medical leave because Mr. Gil has alleged sufficient facts and grounds for relief that if proven, support his claims and provide fair notice to Vortex of what his claims are and their grounds. <u>Tamayo</u>, 526 F. 3d. at 1081, 1085 (confirming that a plaintiff alleging employment discrimination under Title VII may allege these claims quite generally); *see also* <u>Phillips,</u> 515 F.3d. at 231 (context matters when assessing the sufficiency of a pleading);

    2.    <u>The plaintiff's Complaint sufficiently pleads that Mr. Gil was disabled.</u>

The defendant also contends that Mr. Gil's Complaint does not sufficiently allege that Mr. Gil suffered from a covered "disability" under the ADA or Chapter 151B. The Court should deny the defendant's Motion to Dismiss because the defendant misunderstands the plaintiff's obligation at this early stage, and also misinterprets the ADA and Chapter 151B's definitions of disability.

M.G.L. c. 151B, s. 4(16) and the ADA prohibit an employer like Vortex from taking adverse action against a disabled employee because of that disability, as long as the employee is able to perform the essential functions of the position involved with reasonable accommodation. A "handicap" means 1) a physical or mental impairment that substantially limits one or more major life activities of a person; b) a record of having such an impairment; or 3) being regarded as having such an impairment. *M.G.L. c. 151B, s. 1(17).* The term "major life activities" expressly includes both seeing and working. *M.G.L. c. 151B, s. 1(20).* In this case, Mr. Gil has alleged that he fell within the definitions of "disabled" or "handicapped" on two grounds: first, on the ground that he was completely blind in one eye, which he had lost from injury years before his employment at Vortex. It cannot be more plain that Mr. Gil's ability to see (a major life activity under the ADA and Chapter 151B) is substantially impaired.

Furthermore, Mr. Gil also pleads that Vortex took adverse action against him out of its fear of Mr. Gil injuring himself due to his lack of vision in one eye. Clearly, the Complaint sufficiently pleads that Vortex regarded Mr. Gil as having a disability. <u>Dartt v. Browning-Ferris Industries, Inc.,</u> 427 Mass. 1, 15-17 (1998) (the third prong of the definition of "handicap" deals with the employer's perception, and encompasses individuals who have no impairment, but whose employer acts on the assumption that they do.)

Further, Mr. Gil alleges in his Complaint that he sustained a work related hernia injury that disabled him from working temporarily. M.G.L. Chapter 152, § 75B expressly adds to the definition of "handicapped" under Chapter 151B, providing that

such a work injury fall within the definitions of "handicapped" under chapter 151B. § 75B states:

> **§ 75B.  Qualified Handicapped Persons; Discrimination Prohibited; Violation by Employer; Disclosure of Data Maintained by Department.**
>
> **(1) Any employee who has sustained a work-related injury and is capable of performing the essential functions of a particular job, or who would be capable of performing the essential functions of such job with reasonable accommodations, shall be deemed to be a qualified handicapped person under the provisions of chapter one hundred and fifty-one B.**

Therefore, it is clear that Mr. Gil has sufficiently plead two grounds for the conclusion that he was "disabled" or "handicapped" under the ADA and Chapter 151B.

Of course, the inquiry of whether Mr. Gil has plead sufficiently to gain protection under the ADA and Chapter 151B does not end there.  In order to be successful in this case where the employer's motive for Mr. Gil's termination is disputed, Mr. Gil must ultimately also prove he was able to perform the essential functions of the job with or without a reasonable accommodation, in order to be considered a "qualified handicapped person" who merits protection under the ADA and Chapter 151B.  _Dartt v. Browning-Ferris Industries, Inc._, 427 Mass. 1, 2 (1998).

Mr. Gil plead in his Complaint that the impairment to his ability to see did not stop him from being able to perform the functions of his machine operator position for sixteen years, without accommodation.  He has also plead that his work related hernia injury impaired his ability to work (also a major life activity under the ADA and Chapter 151B) temporarily, but that with the reasonable accommodation of a job protected medical leave for a short time, he could perform the functions of his position in Vortex's

shipping department. The Court should deny the defendant's Motion to Dismiss because Mr. Gil has plead sufficiently that the facts and grounds for his contention that he was a qualified handicapped individual under the ADA and Chapter 151B.

     3.    <u>The Complaint sufficiently pleads the defendant's failure to provide a reasonable accommodation.</u>

The defendant contends that Mr. Gil failed to plead that he requested a reasonable accommodation for a disability. This is a strange contention. As Mr. Gil's Complaint alleges, Vortex *gave* him a medical leave for his work related hernia injury (albeit it then terminated him while on leave). It is difficult to understand Vortex's contention that Mr. Gil does not plead that he requested an accommodation in this context.

Vortex also trumpets that Mr. Gil did not request an accommodation for his partial blindness, and cites case law for the proposition that an employer cannot be expected to provide an accommodation when none is requested. While that proposition may be an accurate statement of the law, it is taken out of context and is immaterial to the inquiry related to Mr. Gil's claims of discrimination on the basis of his partial blindness. In that part of Mr. Gil's claim, he does not plead a "failure to accommodate" claim. Rather, Mr. Gil pleads disparate treatment, alleging that Vortex took adverse action against him on the basis of his blindness and Vortex's fear of this disability. Such disparate treatment on the basis of a disability is of course also prohibited under the ADA and Chapter 151B. <u>Dartt v. Browning-Ferris Industries, Inc</u>., 427 Mass. 1, 2 (1998). Therefore, the Court should hold that Mr. Gil has plead sufficiently that Vortex was aware of his need for an accommodation for his work related hernia injury, and that there is no need for Mr. Gil to plead a need for an accommodation for his partial blindness

given that Mr. Gil has plead that Vortex took adverse action against him due to his partial blindness.

> 4. Vortex's removal of Mr. Gil from his punch press operator position after 16 years due to his partial blindness and subsequent termination from a second position was not lawful as defendant suggests.

Defendant next contends that it removed Mr. Gil from his sixteen year punch press operator position out of concern for Mr. Gil's own safety. Defendant incorrectly cites *Albertson's, Inc. v. Kirkinburg*, 527 U.S. 555 (1999) and *Dyke v. O'Neal Steel, Inc.*, 327 F. 3d. 628 (7th Cir. 2003) in support of its position in this regard. *Albertson's, Inc.* and *Dyke* are easily distinguishable from this case because the employers' adverse action in denying employment in those two cases were *pre-employment*. In this case, Mr. Gil held the position for sixteen years and performed it well and without safety concerns, all with one eye. It wasn't until Mr. Gil suffered a laceration injury in 2007 – an injury which the evidence will show was unrelated to his partial blindness – when Vortex transferred Mr. Gil to their shipping department (from where he was soon after terminated). The Court should deny the defendant's Motion to Dismiss because it appears from the defendant's own memorandum that it concedes that Vortex took adverse action against Mr. Gil when it removed him from his machine operator position because of the impairment to his vision. What inferences may be drawn from that – whether Vortex was motivated by a benign desire to keep Mr. Gil safe, or improperly by discrimination or fear of future workers compensation benefits, is for the jury to decide.

The Court should also note that although perhaps not necessary in an employment discrimination case even after *Twombly*, Mr. Gil's complaint sufficiently pleads the elements of a disability discrimination claim and the factual grounds upon which it rests.

In order to be successful in Mr. Gil's claim that his January 2, 2009 termination was discriminatory at this early stage, Mr. Gil must ultimately prove prima facie case of handicap discrimination.  In order to do so, Mr. Gil must show 1) that he is either disabled or regarded as disabled within the meaning of Chapter 151B; 2) that he was qualified to perform the essential functions of the job with or without a reasonable accommodation; 3) that he was terminated; and 4) that his employer sought to fill her position.  *Dartt v. Browning-Ferris Industries, Inc.*, 427 Mass. 1, 2 (1998). Once Mr. Gil proves a prima facie case, the employer must articulate and provide credible evidence of a legitimate nondiscriminatory reason for the termination.  Mr. Gil must then demonstrate that the articulated reason was not the real reason for his discharge.  *Blare v. Husky Injection  Molding Systems Boston, Inc.,* 419 Mass. 437, 442-43 (1995).

     The Court should deny the defendant's Motion to Dismiss because Mr. Gil has plead the elements of a disability discrimination claim and the grounds upon which it rests.  Mr. Has plead that 1) he was disabled or regarded as disabled by Vortex (see section 2, *supra;* 2) that he was qualified to perform the punch press operator position without an accommodation and the shipping department position with a reasonable accommodation; 3) that he was terminated; and 4) that he was replaced by new hires. *Dartt,* 427 Mass. at 2. Mr. Gil has also plead that Vortex's reason for the termination, a lack of work, was pretext for discrimination.  In that regard, Mr. Gil has plead that he observed new hires at that time, and that Vortex expressly stated to his daughter that it terminated him out of fear of his disability and future work related injuries.  The Court should deny the defendant's Motion to dismiss because Mr. Gil's Complaint sufficiently states a claim of disability discrimination and the grounds upon which it rests.

5. <u>The plaintiff's FMLA claim</u>

The plaintiff, a seventeen year employee of the defendant's with personal knowledge of the number of the defendant's employees, has plead that the defendant had 50 or more employees at his work site. Therefore, Mr. Gil's Complaint is sufficient to withstand a Rule 12(b)(6) motion on this issue.[2]

Defendant also contends that Mr. Gil's position in the shipping department was eliminated during Mr. Gil's medical leave. However, the Court should deny the Motion to Dismiss because Mr. Gil's Complaint alleges sufficiently that this articulated reason is a pretext for discrimination. Mr. Gil pleads facts on which this conclusion of pretext is grounded: that he personally observed new employees hired in shipping, when he visited to seek his job back. Therefore, the Complaint is sufficient to state a claim under FMLA.

6. <u>The plaintiff has adequately plead a claim for a discharge in retaliation for his workers compensation claim in violation of M.G.L. Chapter 152 § 75B.</u>

M.G.L. Chapter 152 § 75B prohibits an employer for taking adverse action against an employee in retaliation for seeking the benefits of a worker's compensation claim. In order to establish a claim of workers' compensation retaliation, Mr. Gil must prove that "(1) he engaged in protected conduct, (2) he suffered adverse employment action, and (3) there was a causal connection between his conduct and the adverse action." <u>Benoit v. Technical Mfg. Corp.,</u> 331 F.3d 166, 177 (1st Cir. 2003); <u>Hatch v. Townsend Oil Co. (2009) 2009 Mass. Super. LEXIS 71.</u> Mr. Gil pleads in his complaint that immediately upon learning that Mr. Gil's medical bills for treatment related to his work related injury in October, 2008 were submitted to Vortex's workers

---

[2] If the Court is inclined to dismiss Mr. Gil's FMLA claim on the basis of Vortex's affidavit relative to the number of its employees, the Court should dismiss the claim without prejudice, given that the plaintiff has not yet conducted discovery on the issue.

compensation insurance carrier, Vortex terminated Mr. Gil.  Vortex then rescinded the termination, only to terminate Mr. Gil again on January 2, 2009.  Therefore, Mr. Gil has sufficiently plead that 1) he engaged in protected conduct by receiving workers compensation benefits; 2) he suffered adverse employment action when Vortex terminated him; and 3) the timing of his termination was immediately after and temporally proximate to the protected activity, showing that the termination as caused by the protected activity.

Furthermore, Mr. Gil pleads that Vortex's stated reason for his January 2, 2009 termination, a lack of work, was pretext for discrimination because he observed that Vortex had hired additional employees during his medical leave.  Mr. Gil also pleads that Vortex made a statement contradicting its articulated reason - that it terminated Mr. Gil out of fear of his sustaining future work injuries.  Such a statement, if proven, is direct evidence of disability discrimination and violation of Chapter 152, § 75B.  The Court should deny the defendant's Motion to Dismiss because Mr. Gil has plead a prima facie case of workers compensation retaliation and grounds for finding that Vortex's stated reason for the termination as pretext for discrimination.

## VI.    CONCLUSION

The Court should DENY the defendant's Motion to Dismiss for the reasons stated above, and because 1) his complaint is adequate under Fed. R. Civ. P. 8 (a)(2) to provide the defendant with fair notice of his claims and the grounds on which they rest; and 2) the plaintiff's Complaint states viable claims under the ADA, M.G.L. Chapter 151B, M.G.L. Chapter 152 § 75B.

Respectfully submitted,
For the plaintiff Louis Gil,


/s/      Sol J. Cohen
Sol J. Cohen
BBO # 630776
COHEN & SALES, LLC
221 Crescent Street, Suite 206
Waltham, MA 02453
(617) 621-1151

## CERTIFICATE OF SERVICE

I, Sol J. Cohen, attorney for the plaintiff, Luis Gil, hereby certify that on this 18th day of January, 2010, I served this document electronically to all counsel of record via the Court's electronic ECF filing system by filing through said ECF system.

/s/      Sol J. Cohen
Sol J. Cohen